**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| TERREN CURTIS,              ) | |
|                             ) | |
| Plaintiff, *pro se,*        ) | |
|                             ) | Civil Action No. 24-cv-3779-LKG |
| v.                          ) | |
|                             ) | Dated:  November 17, 2025 |
| UNITED STATES POSTAL SERVICE, ) | |
|                             ) | |
| Defendant.                  ) | |
|                             ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff *pro se*, Terren Curtis, brings a claim against the United States Postal Service ("USPS") for failure to maintain accurate records (Count I) and failure to provide access to records (Count II), pursuant to the Privacy Act, 5 U.S.C. §552a. *See generally* ECF No. 1.  The Government has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6).  ECF Nos. 20 and 20-1.  The Plaintiff has also moved for Clerk's entry of default.  ECF Nos. 17 and 17-1. The Government's motion to dismiss is fully briefed.  ECF Nos. 17, 17-1, 20, 20-1, 23 and 23-1.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Government's motion to dismiss (ECF No. 20); (2) **DENIES** the Plaintiff's motion for Clerk's entry of default (ECF No. 17); and (3) **DISMISSES** the complaint.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### A.   Factual Background

In this civil action, the Plaintiff brings claims against the USPS for failure to maintain accurate records and failure to provide access to records, pursuant to the Privacy Act, 5 U.S.C. §552a. *See generally* ECF Nos. 1 and 1-7. Specifically, the Plaintiff asserts the following claims in the complaint: (1) Violation of the Privacy Act- Failure to Maintain Accurate Records (Count I) and (2) Violation of the Privacy Act- Failure to Provide Access to Records (Count II). ECF No. 1 at 3; ECF No. 1-7 at 3. As relief, the Plaintiff seeks, among other things, to recover monetary damages, punitive damages, and attorneys' fees from the Government. *Id*. at Prayer for Relief.

The Parties

The Plaintiff is a resident in the State of Maryland. ECF No. 1 at 1.

The United States Postal Service is a Federal agency that has branch offices located in the State of Maryland. *Id.*

Case Background

As background, the Plaintiff was a rural USPS mail carrier, who was employed in the USPS's Mechanicsville, Maryland location. ECF No. 20-1 at 1. On May 21, 2024, the Office of Personnel Management ("OPM") approved the Plaintiff's application for disability retirement under the Federal Employees Retirement System ("FERS"). *Id.*

But, on July 7, 2024, the OPM sent a letter to the Plaintiff reversing the decision to approve his disability retirement and denying the Plaintiff's application for disability retirement. *Id.* at 4. This letter provides that:

> Your appointment to a regular rural carrier started 2/26/2022. On 4/28/2023 you were placed on Leave Without Pay until your removal date of 09/01/2023. In the year 2023 when being placed on Leave Without Pay, your former agency reported 1088 hours of Leave Without Pay which caused excess leave without pay for 9 days.

*Id.*

---

[1] The facts recited in this memorandum opinion taken from the complaint and the Government's motion to dismiss and the memorandum in support thereof. ECF Nos. 1, 1-7, 20 and 20-1.

The Plaintiff's Allegations

The Plaintiff alleges in this case that the OPM's denial of his disability benefits was in error, because the USPS incorrectly kept track of his leave without pay, "based on the pay period calendar and not the actual dates in which the leave was used." ECF No. 1-7 at ¶ 11. And so, the Plaintiff alleges that the USPS failed to maintain accurate records of his creditable civilian service under Section 8332 of the Civil Service Retirement Act. *Id*. at ¶ 14.

In this regard, the Plaintiff alleges that the USPS improperly included seven days (56 hours) of his leave without pay, taken during the weeks of December 17-23, 2022, and December 24-30, 2022, and one day (8 hours) of leave without pay, taken on December 31, 2022, in the leave without pay calculations that the agency provided to the OPM. ECF No. 1-7 at ¶¶ 8-10. The Plaintiff contends that the inaccurate calculation of his leave without pay resulted in the wrongful denial of his disability retirement. *Id*. at ¶ 15. And so, the Plaintiff seeks, among other things, to recover monetary damages, punitive damages, and attorneys' fees from the Government. *Id*. at Prayer for Relief.

**B.     Relevant Procedural History**

The Plaintiff commenced this matter on December 30, 2024. ECF No. 1. On May 20, 2025, the Plaintiff filed a motion for Clerk's entry of default. ECF No. 17.

On June 13, 2025, the Government filed a motion to dismiss for failure to state a claim. ECF No. 20. On July 2, 2025, the Plaintiff filed a response in opposition to the Government's motion to dismiss. ECF No. 23.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

**III.   LEGAL STANDARDS**

**A.  *Pro Se* Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more

3

leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted).  And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B. Fed. R. Civ. P 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement."  *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

### C. The Privacy Act

The Privacy Act of 1974 "regulate[s] the collection, maintenance, use, and dissemination of information by [federal agencies]."  *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted). The Act states that "no agency shall disclose any record. . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains."  5 U.S.C. § 552a(b).  The Act also requires that a Federal agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C § 552a(e)(5).  In addition, the statute provides an individual "access to records pertaining to the individual . . . and allows an individual the right to request amendment

4

to any record the individual believes is 'not accurate, relevant, timely, or complete.'" *Melvin v. Soc. Sec. Admin.,* 126 F. Supp. 3d 584, 602 (E.D.N.C. 2015).

To state a plausible Privacy Act claim for damages under Section 552a(g)(1)(C) of the Privacy Act, a plaintiff must allege facts to show that: (1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records. *Deyers v. U.S. Parole Comm'n*, 85 F.3d. 655, 657 (D.C. Cir. 1996). In this regard, courts have held that "an agency not need keep perfect records, but must act reasonably to assure their accuracy." *Colley v. James*, 254 F. Supp 3d 45, 67 (D.D.C. 2017) (quoting *Dickson v. Off. of Pers. Mgmt.*, No. CIV. A. 83-3503, 1991 WL 423968, at *15 (D.D.C. Aug. 27, 1991), *aff'd*, 976 F.2d 46 (D.C. Cir. 1992)). Courts have also held that the plaintiff has the duty "to prove that the agency acted in a manner which was intentional or willful." *Albright v. United States*, 732 F.2d 181, 188 (D.C. Cir. 1984) (internal citations omitted).

In this regard, the Fourth Circuit has held that agency action is intentional or willful if it is an "act committed 'without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.'" *Scrimgeour v. Internal Revenue*, 149 F.3d 318, 326 (4th Cir. 1998) (quoting *Waters v. Thornburgh*, 888 F.2d 870, 875 (D.C. Cir. 1989)). Given this, a Privacy Act plaintiff must "meet a standard higher than gross negligence to prove liability." *Id.* And so, a plaintiff must also prove that there was a "causal relationship between the allegedly erroneous record and an adverse determination based on that record." *Nat'l Treasury Emps. Union v. I.R.S.*, 601 F. Supp. 1268, 1272 (D.D.C. 1985) (citation omitted).

## IV.   ANALYSIS

The Government has moved to dismiss this matter, pursuant to Fed. R. Civ. P. 12(b)(6) upon the grounds that the Plaintiff fails to allege facts in the complaint to show that: (1) the USPS maintained inaccurate records; (2) intentional or willful conduct by the USPS; (3) the USPS proximately caused the denial of his disability retirement; and (4) the Plaintiff requested copies of his leave records from the USPS. ECF No. 20-1. And so, the Government requests that the Court dismiss this matter. *Id.* at 7.

The Plaintiff counters that the Court should not dismiss this matter, because: (1) the complaint sufficiently alleges facts to show that the USPS erroneously recorded 64 hours of his leave without pay in 2022 and the agency "continues to maintain an inaccurate [leave without pay] calculation for calendar year 2023; (2) the complaint alleges intentional or willful conduct, because the USPS failed to comply with requests from the OPM for copies of his leave records; (3) the inaccurate leave records resulted in an adverse determination from the OPM; and (4) the USPS "willfully ignored" requests for the Plaintiff's leave records from the Plaintiff and the OPM. ECF No. 23 at 1-2. And so, the Plaintiff requests that the Court deny the Government's motion to dismiss. *Id*. at 2.

For the reasons that follow, a careful reading of the complaint shows that the Plaintiff has not alleged facts to show that the USPS failed to maintain accurate leave records. And so, the Court: (1) GRANTS the Government's motion to dismiss (ECF No. 20); (2) DENIES the Plaintiff's motion for Clerk's entry of default (ECF No. 17); and (3) DISMISSES the complaint.

### A.  The Plaintiff Fails To State A Plausible Privacy Act Claim

As an initial matter, the Government persuasively argues that the Plaintiff fails to state a plausible Privacy Act claim in the complaint, because he does not allege facts to show that the USPS maintained inaccurate leave records. To state a plausible Privacy Act claim for damages under Section 552a(g)(1)(C) of the Privacy Act, the Plaintiff must allege facts to show that: (1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records. *Deyers*, 85 F.3d. at 657. With regards to the accuracy of agency records, courts have held that "an agency not need keep perfect records but must act reasonably to assure their accuracy." *Colley*, 254 F. Supp 3d at 67 (citation omitted). Courts have also recognized that the accuracy element of a Privacy Act claim requires a showing that the agency records contain "flawed informational quality." *Nat'l Treasury Emps. Union.*, 601 F. Supp. at 1272 (citation omitted).

In this case, the complaint makes clear that the Plaintiff has not alleged facts that, taken as true, satisfy the accuracy element of his Privacy Act claim. In the complaint, the Plaintiff generally alleges that the USPS failed to maintain accurate records about his leave without pay. ECF No. 1 at ¶ 25. But the factual allegations in the complaint make clear that the Plaintiff

actually objects to the USPS's calculation of his leave without pay for 2022 and 2023, upon the grounds that the agency incorrectly calculated his leave based upon the pay period calendar, rather than to any inaccuracies in his leave records. ECF No. 1-7 at ¶¶ 8-16; *see also* ECF No. 20-1 at 4; ECF No. 23-1 at 2.

Notably, the Plaintiff alleges in the complaint that the USPS included seven days (56 hours) of leave without pay taken, during in the weeks of December 17-23, 2022, and December 24-30, 2022, and one day (8 hours) of leave without pay, taken on December 31, 2022, in the leave without pay calculation that the agency provided to the OPM. ECF No. 1-7 at ¶¶ 9-10. The Plaintiff also alleges that the USPS erroneously reported to the OPM 64 hours of leave without pay, taken during calendar year 2022, as having been taken in calendar year 2023. *Id*. at ¶ 15. And so, the Plaintiff contends that the OPM's decision to rescind and deny his disability benefits was "based on an *erroneous calculation* provide by the [USPS] that [he] took 1088 hours of leave without pay in calendar year 2023." *Id*. at ¶ 8 (emphasis added).

The Plaintiff does not, however, point to a specific USPS leave record that is inaccurate. *See generally* ECF Nos. 1 and 1-7. Given this, the factual allegations in the complaint show that the Plaintiff's objection to the USPS's conduct in this case pertains to the method in which the agency calculated his leave without pay, rather than with any inaccuracies in his leave records.

In sum, the complaint shows that the Plaintiff's Privacy Act claim in this case is based upon the allegedly improper manner in which the USPS calculated his leave hours for 2022 and 2023 in its submission to the OPM. Given this, the complaint lacks facts to show that the Plaintiff's leave records were inaccurate. *See generally* ECF Nos. 1 and 1-7. And so, the Plaintiff has not alleged facts to show that any record of the USPS was inaccurate to support his Privacy Act claim.[2]

In addition, the complaint also lacks facts to show that the Plaintiff requested copies of his leave records from the USPS, to support his claim under Section 552a(d) of the Privacy Act. *See generally*, ECF Nos. 1 and 1-7. While the Plaintiff alleges in the complaint that the USPS failed to provide him with access to certain leave records, he does not allege facts to show that he

---

[2] The Court's decision to deny the Plaintiff's Privacy Act claims should not be interpreted to mean that the Plaintiff may not have a plausible claim against the USPS under another statute, such as Administrative Procedure Act. The Plaintiff has not, however, alleged an APA claim in the complaint.

requested these records, or when he did so.  *Id*.  Given this, the Plaintiff also fails to state a plausible claim under Section 552a(d).

For each of the above reasons, the Court must DISMISS The Plaintiff's Privacy Act claims.[3]

### B. An Entry Of Default Is Not Warranted

As a final matter, the Court DENIES the Plaintiff's motion for Clerk's entry of default against the USPS.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court may enter a default when "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the claims against them."  Fed. R. Civ. P. 55(a).  In this case, the Government filed a motion to dismiss on June 13, 2025.  *See* ECF No. 20.  Given this, the Government has responded to the allegations in the complaint and defended this action.  And so, the Court DENIES the Plaintiff's motion for Clerk's entry of default.  Fed. R. Civ. P. 55(a).

### V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 20);

(2) **DENIES** the Plaintiff's motion for Clerk's entry of default (ECF No. 17); and

(3) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[3] Because the Court determines the complaint lacks facts to show that the subject USPS's leave records are inaccurate, the Court does not reach the remaining arguments in the Government's motion to dismiss.